

21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

Roy P. Salins
212.603.6435 tel
212.489.8340 fax

roysalins@dwt.com

March 9, 2020

**By ECF Filing**
Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   <u>Sandra Phillips-Johnson v. Lucky 8 TV LLC, et al., Case No. 19 Civ. 8187 (LGS)</u>

Dear Judge Schofield:

      This firm represents defendants Lucky 8 TV LLC ("Lucky 8") and A&E Television Networks, LLC ("AETN") in the above-referenced matter. Pursuant to this Court's orders, dated September 20, 2019 and March 6, 2020, we submit this joint letter on behalf of the parties to provide the following information in advance of the scheduling conference on March 12, 2020.

      1.    A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion.

      Plaintiff Sandra Phillips-Johnson worked as an on-site producer on a cinema verite show Lucky 8 was filming in Kentucky and Indiana related to the opioid-drug epidemic. As part of the show, cast members embedded – in an undercover capacity – within a local jail in Indiana and in known areas of drug activity in Kentucky. AETN's connection to this matter is that the program produced by Lucky 8 aired on one of AETN's networks. Plaintiff sole claim is under New York Labor Law § 740 ("Section 740") and she alleges that she was discharged by Lucky 8 in retaliation for her complaint that members of the cast and crew were engaged in illegal activity such as purchasing and possessing drugs.

      The principal defenses are: (i) failure to state a claim that either defendant violated Section 740; (ii) plaintiff's claim under Section 740 is without basis in law or in fact with regard to each defendant; (iii) neither defendant terminated plaintiff's employment; (iv) if plaintiff did suffer a retaliatory personnel action (which she did not), it was not because she engaged in protected activity under Section 740; (v) plaintiff did not engage in protected activity under Section 740; (vi) plaintiff was not an employee of AETN under Section 740; and (vii)

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

Honorable Lorna G. Schofield
March 9, 2020
Page 2

plaintiff's claim against AETN is time-barred under the one-year statute of limitations under Section 740.[1]

The major legal and factual issues are: (i) whether plaintiff suffered a retaliatory personnel action under Section 740; (ii) whether any retaliatory personnel action was taken against plaintiff because she engaged in protected activity under Section 740; (iii) whether plaintiff engaged in protected activity under Section 740; (iv) whether plaintiff was an employee of AETN under Section 740; and (v) whether plaintiff's claim against AETN is time-barred.

2. A brief statement by plaintiff as to the basis of subject matter jurisdiction and venue, explaining why plaintiff believes this matter is properly brought before this Court, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction and venue.

Plaintiff states that, pursuant to 28 U.S.C. § 1332, this Court has original subject matter jurisdiction over this civil action as the matter in controversy exceeds the sum of or value of $75,001, exclusive of interest and costs, and is between citizens of different States. This Court has supplemental jurisdiction over the State law causes of action asserted in this action pursuant to § 1343 and pendent jurisdiction thereto. Venue is proper in this District pursuant to 28 U.S.C. § 1391 as Defendants reside in the Southern District of New York.

Defendants do not currently object to subject matter jurisdiction and venue. Defendants reserve their right to object to subject matter jurisdiction.

3. A brief description of any (i) motions any party seeks or intends to file, including the principal legal and other grounds in support of an opposition to the motion; (ii) pending motions; and (iii) other applications that are expected to be made at the status conference.

Defendants intend to file a motion to dismiss the amended complaint in its entirety and a motion to strike plaintiff's jury demand, as set forth in their pre-motion letter, dated February 20, 2020 (Docket No. 30.)

Plaintiff intends to file a motion to file a second amended complaint as set forth in her pre-motion letter, dated March 5, 2020 (Docket No. 32.)

There are no pending motions.

---

[1] Defendants individually reserve their right to assert additional affirmative defenses in the event either defendant files an answer.

Honorable Lorna G. Schofield
March 9, 2020
Page 3

At the status conference, the parties will be requesting that discovery be stayed during the pendency of the motion to dismiss, and the parties are willing to engage in early mediation under the District's Mediation Program during the pendency of the motion to dismiss.

4. A brief description of any discovery that has already taken place, and any discovery that is likely to be admissible under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings. (This is narrower than the general scope of discovery stated in Rule 26(b)(1).

No discovery has taken place. The discovery that is likely admissible under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings are communications between plaintiff and defendants regarding her alleged protected activity, documents regarding plaintiff's alleged retaliatory personnel action, and plaintiff's employment agreement with Lucky 8.

5. A computation of each category of damages claimed, see Fed. R. Civ. P. 26(a)(1)(A)(iii).

Plaintiff seeks equitable relief, compensatory damages, and reasonable attorneys' fees and costs.

Section 740(6) permits a court to award reasonable attorneys' fees, court costs and disbursements to an employer if the Section 740 claim was without basis in law or in fact. Plaintiff's claims against defendants are without basis in law or in fact, and defendants shall seek its reasonable attorneys' fees, court costs and disbursements.

6. A statement describing the status of any settlement discussions and whether the parties would like a settlement conference.

The parties have not engaged in settlement discussions.

7. Any other information that the parties believe may assist this Court in resolving the action.

Nothing at this time.

We thank the Court for its consideration.

Respectfully submitted,

Roy P. Salins